UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMALJIT K. GOSAL, | No. 2:18-cv-00482-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| WELLS FARGO HOME MORTGATE, INC., | |
| Defendant. | |

On March 5, 2018, Plaintiff Kamaljit K. Gosal ("Plaintiff") filed a Complaint in this Court along with a Motion for Temporary Restraining Order ("TRO") seeking to prevent foreclosure of Plaintiff's residence. ECF Nos. 1, 2. For the reasons set forth below, Plaintiff's Motion for TRO is DENIED.

Eastern District Local Rule 231 governs Temporary Restraining Orders. Rule 231(a) provides that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. Local R. 231(a) (citing Fed. R. Civ. P. 65(b)). Under Rule 231(c), "[n]o hearing on a temporary restraining order will normally be set unless" certain documents are provided to the Court and to the affected parties or their counsel. Id.

1

Those documents are: (1) a complaint; (2) a motion for a temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given; (6) a proposed temporary restraining order with a provision for a bond; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance; and (8) where the TRO is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. Id.

Significantly, too, subsection (b) of Rule 231 goes on to provide that "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Id. 231(b).

In the present case, Plaintiff has failed to meet the requirements of Rule 231. First, although Plaintiff indicates on the TRO checklist that she attempted to provide notice of the TRO to Defendant, she has not filed the required affidavit establishing as much. Moreover, while Plaintiff responded "yes" on that form to the question of whether notice has been provided, she listed only a non-Defendant entity as the opposing party. The Court cannot discern from the documents on file whether any attempt was made to notify the named Defendant subject to the emergency relief Plaintiff is requesting. Additionally, although Plaintiff also indicates in her papers that her home will be sold absent the requested relief, she has not filed the required affidavit indicating that this will

2

result in irreparable injury to her.  Lastly, it appears to the Court that Plaintiff has delayed in bringing this action, cutting against any imminency argument.  From the documents attached to the Complaint it appears that Plaintiff was notified approximately one year ago that she was in default and that the property would be sold.  <u>See</u> Compl., ECF No. 1, Ex. E.  It is not clear when the sale was originally scheduled, but just over two months ago, on January 3, 2018, Plaintiff was notified that the sale was being postponed until March 13, 2018.  <u>Id.</u>, Ex. F.  Based on this timeline, the Court finds emergency relief to be inappropriate.  Plaintiff's request (ECF No. 2) is hereby DENIED based on all of the foregoing procedural shortcomings.[1]

IT IS SO ORDERED.

Dated: **March 6, 2018**          **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Although the Court does not reach the merits of Plaintiff's claims at this time, it is questionable whether this Court has jurisdiction to entertain this case in the first place under 28 U.S.C. 1332.  Plaintiff indicates in the Complaint that both she and Defendant are California citizens, which would mean that no diversity of citizenship exists.  The Court is not convinced at this juncture that this is actually the case, or even that the named Defendant is the proper party against whom Plaintiff may seek an injunction (i.e., whether Wells Fargo Home Mortgage is the foreclosing party), but to the extent any Defendant is a citizen of California and Plaintiff seeks relief only under California law, this matter must be pursued in state court.